Dunlavy v. Moffett.

---

No. 22,699.

HOWARD DUNLAVY, *Appellee*, v. T. S. MOFFETT, *Appellant*.

SYLLABUS BY THE COURT.

CONVERSION—*Tenant's Share of Crop—Excessive Verdict.* The proceedings examined, and *held*, the defendant suffered no material prejudice on account of instructions given, but the verdict was excessive.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed June 5, 1920. Modified.

*James G. Washbon,* of Harper, *J. N. Tincher, Adrian S. Houck,* both of Medicine Lodge, and *A. L. Noble,* of Wichita, for the appellant.

*Vernon Day,* of Anthony, and *Ezra Branine,* of Newton, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a tenant for damages on account of conversion by the landlord of the tenant's share of a crop of wheat. The plaintiff recovered, and the defendant appeals.

The defendant asserts that the tenant forfeited his share of the crop by breach of covenants and abandonment of the premises, and that this subject was not properly presented to the jury. The evidence discloses that the landlord dealt with the tenant on the basis that the tenant had not forfeited and was the owner of the wheat. Just before harvest the landlord, in a letter to the tenant relating to harvesting the wheat, recognized the tenant's ownership. Assuming that the instructions to the jury were faulty, a new trial would not benefit the defendant.

The defendant rightfully contends that the verdict was too large. The converted wheat was sold on the market for $1.30 and $1.60 per bushel, and these sales furnished the best evidence there was of value. While there was testimony that hard wheat sold for $1.78 per bushel, there was no evidence that the wheat in question was of a grade which would command that price. The number of bushels was not in dispute, and the plaintiff's damages amounted to $1,141.73. The defendant had undisputed claims against the plaintiff amounting to $612.05. The verdict was for $594.90, an excess of $65.22.

The plaintiff did not sow thirty acres of wheat which he agreed to sow, and the defendant was not able to utilize the ground. It lay in the middle of an 80-acre field, the rest of which the plaintiff sowed to wheat. Using the portion of the field sowed to wheat as a standard, the defendant was damaged $91 on account of this breach of the plaintiff's contract.

The plaintiff gave his note for $705.50, the amount of which was computed on the basis of a price per acre for grass and alfalfa land. The defendant did make some use of the grass and alfalfa land. He claimed he was not able to derive as much benefit from it as the note amounted to, but no attempt was made to estimate the difference in dollars and cents, and there seemed to be no way of doing so.

There is so little left to try, and it is so manifest that a new trial would not result in greater certainty, that the litigation ought to end. Therefore, the district court is directed to modify its judgment so as to allow the plaintiff $438.68, with interest at six per cent from November 1, 1916. As modified, the judgment is affirmed.